IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charter Oak Insurance Co., | : | CIVIL CASE |
|     Plaintiff, | : | |
|                v. | : | |
| | : | |
| Maglio Fresh Food d/b/a Maglio's | : | |
| Sausage Co., et al., | : | |
|     Defendants. | : | NO. 12-3967 |

## MEMORANDUM AND ORDER RE MOTIONS IN LIMINE RE EXPERT OPINIONS

**Baylson, J.**                                                                                               July 21, 2014

Plaintiff, Charter Oak Insurance Company ("Charter Oak"), and Defendants, Maglio Fresh Food ("Maglio") and American Guarantee and Liability Insurance Company ("American Guarantee"), have each identified experts and provided written expert opinions on some of the issues in this case. All three of these parties have filed Motions in Limine to exclude the expert testimony against them. ECF 172, 174, 175, 178.

Having reviewed the Motions and responses, and the expert opinions and relevant attachments, including curricula vitae, etc., the Court now rules on the Motions in Limine as follows:

1.     The Court concludes that Maglio's expert, James Markham, meets the standards for qualification as an expert of insurance issues under Third Circuit standards.

2.     Nevertheless, after consideration of Charter Oak's and American Guarantee's Motions to exclude the testimony of Dr. Markham, and based on the Court's ruling in deciding the motions for summary judgment that Charter Oak did not, as a matter of law, breach its duty to Maglio or any provision of its insurance policy by appointing Edward Kelbon to represent Maglio, the Court concludes that there is no factual issue for a trial on this matter, and Dr. Markham will not be allowed to give any opinion that Charter Oak breached its policy by not

appointing counsel in addition, or as an alternative, to Mr. Kelbon. Insofar as Charter Oak's and American Guarantee's Motions in Limine concern Dr. Markham's testimony on the issue of whether Charter Oak's appointment of Mr. Kelbon breached its duty, those Motions are **GRANTED**.

3. As to the jury interrogatory matter, Dr. Markham's report does not adequately address this issue nor raise relevant facts with respect to it. Rather, Dr. Markham bases any conclusion on this issue on his conclusion that Charter Oak breached its duty by appointing Mr. Kelbon, which the Court has already decided. Even assuming that, following Maglio's counsel offer of proof at the beginning of trial, as required in the Court's opinion on summary judgment motions, the interrogatory issue remains for the jury's consideration, Dr. Markham's opinion does not "fit" with the issues in this case, and therefore, he will not be allowed to testify on this issue. See In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742-43 (3d Cir. 1994) ("In addition to reliability, Rule 702 requires that the expert's testimony must assist the trier of fact."); United States v. Velasquez, 64 F.3d 844, 850 (3d Cir. 1995) ("There must be a valid connection between the expertise in question and the inquiry being made in the case."). Insofar as Charter Oak's and American Guarantee's Motions in Limine concern Dr. Markham's testimony on the jury interrogatory issue, those Motions are **GRANTED**.

4. However, the Court finds that on the settlement issue, that Dr. Markham's report does address the issue and, subject to any rulings that the Court makes on interpreting the policy or concerning Pennsylvania law, Dr. Markham will be allowed to testify as to this issue. Thus, the Motions to exclude Dr. Markham's testimony on the settlement issue is **DENIED**.

5. As to Maglio's Motion to exclude the expert witness proffered by Charter Oak, Mr. Intondi, the Court will **DENY** the Motion. The Court finds that Mr. Intondi meets the

standard for qualification as experts under Third Circuit standards.  Although the Court has already decided that Charter Oak's appointment of Mr. Kelbon was not in bad faith, the issue of the factors leading to Mr. Kelbon's decision not to submit jury interrogatories may remain for the jury's consideration.  If so, the Court finds that Mr. Intondi would be permitted to testify as to that issue.  Moreover, the Court finds that Mr. Intondi may also testify as to the issue of whether Charter Oak acted in bad faith with respect to settlement of the underlying litigation, subject to any forthcoming rulings from the Court.  Maglio's Motion to exclude Mr. Intondi's testimony is therefore **DENIED**.

6. As to Maglio's Motion to exclude the expert witness proffered by American Guarantee, John Murphy, the Court will **DENY** the Motion.  The Court finds that Mr. Murphy meets the standard for qualification as experts under Third Circuit standards.  Furthermore, the Court finds that Mr. Murphy's opinions, which relate to American Guarantee's duty to defend Maglio in the underlying litigation, are relevant to key issues at trial and could potentially assist the jury in its consideration of those issues.  Thus, Mr. Murphy's proposed testimony, once again subject to any rulings the Court makes in interpreting the contract or under Pennsylvania law, will be admitted.  Maglio's Motion to exclude Mr. Murphy's testimony is therefore **DENIED**.

Because the service of expert reports was delayed by agreement of counsel, and trial is rapidly approaching, time does not allow for a more extended discussion of the Motions in Limine regarding expert testimony.

                                            **BY THE COURT:**

                                            **/s/ Michael M. Baylson**
                                            _____
                                            **MICHAEL M. BAYLSON, U.S.D.J.**